UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA,<br><br>    Plaintiff,<br><br>    v.<br><br>CONNIE GIPSON, et al.,<br><br>    Defendants. | No. 2:22-cv-0737-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he also filed an application to proceed in forma pauperis (ECF No. 8), and two motions requesting injunctive relief (ECF Nos. 2 & 9).

Application to Proceed in Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

/////

1

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

Screening Order

The gist of plaintiff's complaint is an allegation that the way that the California Department of Corrections and Rehabilitation ("CDCR") has classified him, specifically, as a Level IV, special needs yard ("SNY") inmate, is not safe for him. He alleges that his classification is not safe because he is vulnerable to attack as a gang drop out, and members of his former gang are also housed in SNY across the state and have a "hit" on his life. He claims that defendant Connie Gipson, CDCR Director, has failed to adopt a policy to keep him safe. To support this overarching claim, plaintiff recounts events that have taken place over several years at two separate prisons: Lancaster State Prison and High Desert State Prison ("HDSP"). As discussed below, plaintiff fails to show how the two sets of events, those from Lancaster and those from HDSP, were caused by a deficient policy relating to SNY inmates. Instead, the complaint seemingly brings several unrelated claims against different defendants that cannot properly be joined together in a single action.

The first set of events occurred at Lancaster State Prison where plaintiff was housed in administrative segregation ("ad-seg") while he was being investigated for rape. ECF No. 1 at 4. Defendants Casillas and Castaneda "told several inmates that [plaintiff] was in ad-seg for raping [his] celly, and that [plaintiff] was a 'snitch' working with IGI [Institutional Gang Investigators]." *Id.* at 4-5. They also told inmates that plaintiff was incarcerated because of a sex offense involving a minor. *Id.* at 5. Plaintiff received several death threats by other inmates in ad-seg. *Id.* at 4. Plaintiff allegedly reported Casillas and Castaneda and the resulting death threats to defendants Soto and Trenda. *Id.* Plaintiff also reported to the warden that there was a "hit" on his life in the SNY because he was a gang drop-out and also because of the pending rape charge. Allegedly, none of the defendants to whom plaintiff complained helped him. Plaintiff does not allege, however, how their alleged inaction caused him any harm. The harm that plaintiff has alleged – the death threats – was caused by the purported misconduct of Casillas and Castaneda. That conduct seemingly bears no relation to any policy or lack of policy by CDCR.[1]

---

[1] Venue for this claim appears to be lacking, as Lancaster State Prison sits in the judicial district for the United States District Court for the Central District of California and not in this

The second set of events occurred at HDSP.  Plaintiff was transferred there from Lancaster on August 9, 2021 and housed on the Level IV SNY.  *Id.* at 6.  Plaintiff alleges that his assigned cellmate was a member of the gang from which plaintiff had dropped out.  *Id.* at 7.  Plaintiff alleges that his cellmate raped him.  *Id.*  Plaintiff requested a cell move on several occasions but does not allege that he ever told anyone *why* he was requesting the cell move, only that he and his cellmate were incompatible.  *Id.*  Plaintiff's cellmate assaulted him at least two more times.  *Id.*  After plaintiff reported the assaults, the gang from which plaintiff had dropped out threatened to stab him.  *Id.* at 7, 9.  Once again, it is unclear how the harm that befell plaintiff was the result of a deficient CDCR policy as opposed to a decision or oversight that resulted in plaintiff being housed in the same cell as a member of the gang from which he had dropped out.

It is well settled that a claimant may not proceed with various unrelated claims against separate defendants:

> "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Here, there appears to be no basis for litigating the Lancaster ad-seg claims in the same action as the HDSP sexual assault claims.  Plaintiff has not shown how either set of events derived from a CDCR policy or lack of policy.  These two sets of claims seemingly encompass discrete events and separate defendants, rendering them ill-suited to proceed in a single suit.  Plaintiff's complaint will be dismissed with leave to amend.

/////

---

district.  The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

/////

Requests for Injunctive Relief

Plaintiff has filed two motions seeking injunctive relief. ECF Nos. 2 & 9. In both motions, plaintiff requests an order directing that various defendants provide plaintiff with safe housing and be prohibited from housing him on any level IV SNY. Plaintiff's motions must be denied because he fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunction.[2] At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint must be dismissed and at present he has shown no likelihood of success on the merits of any claim. Moreover, plaintiff is currently housed at the California Medical Facility, which is not where any of the purported claims arose. Accordingly, plaintiff's motion for injunctive relief must be denied.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 8) is granted;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and
4. Failure to comply with any part of this this order may result in dismissal of this action.
5. The Clerk of Court randomly assign a District Judge to this action.

---

[2] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

Further, IT IS RECOMMENDED that plaintiff's motions for injunctive relief (ECF Nos. 2 & 9) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 31, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE