UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA, | No. 2:22-cv-00737-WBS-EFB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CONNIE GIPSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this 42 U.S.C. § 1983 action. ECF No. 1.  He has filed a motion for a temporary restraining order directing prison officials to provide him with safe housing and to prohibit them from housing plaintiff in certain prison yards. ECF No. 24.  CDCR has made a special appearance to oppose the motion.  ECF No. 25.  For the reasons that follow, the motion must be denied.

**I.    Background**

Plaintiff alleges that the California Department of Corrections and Rehabilitation, under the leadership of defendant Connie Gipson, has failed to implement a policy regarding the placement of inmates who, like plaintiff, have dropped out of a special needs yard (SNY) gang and thus face retaliation from the gang if they continue to be housed on SNY yards.  This has caused harm to plaintiff through his continued placement on SNY yards at California State

/////

Prisons Los Angeles County (LAC), High Desert State Prison (HDSP), and California Medical Facility (CMF), where he faced such retaliation and threats of retaliation.

In his motion for a temporary restraining order, plaintiff alleges that he has recently been transferred to HDSP from CMF, and that officials at HDSP are disregarding the risk to his safety and life at HDSP by placing him on a special needs or general population yard.  ECF No. 24.

## II.     Analysis

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997) ("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).  The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

Plaintiff argues that he will suffer irreparable injury absent a temporary restraining order because there is no general population or special needs yard that he can safely program on at HDSP.  CDCR responds that plaintiff's belief that he will be placed on either such yard is speculation, and that plaintiff is currently housed in administrative segregation and will remain there pending review of his housing by the agency's Departmental Review Board (DRB), which is responsible for finding safe and appropriate housing for difficult-to-place inmates such as plaintiff.  ECF No. 25-1 (Decl. of Lewis).  According to A. Lewis, litigation coordinator at

HDSP, plaintiff is not cleared to be housed on any HDSP yard and will remain in administrative segregation pending DRB review. *Id.* A record from the institutional classification committee convened on January 19, 2023 confirms that plaintiff is in administrative segregation (as plaintiff himself admits) and will be retained there for the time being. *Id.* at 4. On this evidence, the court finds that plaintiff has not shown that he faces irreparable harm in the absence of a restraining order because, contrary to plaintiff's claims, officials do not intend to place him on any general population or special needs yard at HDSP.

Plaintiff argues that the balance of hardships is in his favor because his life outweighs the ordinary administrative duties of rehousing him. Were his life truly in the balance, this argument would persuade. However, the evidence shows that plaintiff will not be placed on the yards where his safety is at risk. Instead, officials intend to keep plaintiff in administrative segregation until a safe housing assignment can be found.

Plaintiff argues that he is likely to succeed on the merits of this action because defendants have a duty to protect him from harm by other inmates, they have known of the threats on his life, and they have disregarded those risks by deliberately placing him on HDSP's special needs yard. However, the evidence shows that officials have not placed plaintiff on a special needs yard and do not intend to do so.

Lastly, plaintiff argues that the public interest is served by defendants' obedience to the Constitution. As the evidence before the court does not show that defendants are disregarding the risks posed to plaintiff by housing him on a general population or special needs yard – in fact, the evidence shows that officials are currently attentive to those risks – this factor also weighs against the granting of temporary injunctive relief.

### III. Recommendation

Accordingly, it is hereby RECOMMENDED that petitioner's January 23, 2023 motion for a temporary restraining order (ECF No. 24) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 10, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE