1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD ARMENTA,                          No.  2:22-cv-00737-WBS-EFB (PC)

12                Plaintiff,

13          v.                                   ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    CONNIE GIPSON, et al.,

15                Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this 42

18    U.S.C. § 1983 action.  This case proceeds on plaintiff's First Amended Complaint (ECF No. 16)

19    against defendants Connie Gipson, Johnson, Castaneda, Casillas, Soto, Trenda, Garcia, Oakes,

20    Hicks, Kiebler, Hall, Peery, and Benavidez (ECF No. 18).  This order and findings and

21    recommendations address several miscellaneous motions now pending before the court,

22    including: (1) defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status (ECF No. 37);

23    (2) plaintiff's Motion for Appointment of Counsel (ECF No. 46); (3) plaintiff's Motion to Amend

24    (ECF No. 47), (4) plaintiff's Motion to file a Supplemental Pleading (ECF No. 53) (5) plaintiff's

25    Motion for Service (ECF No. 35), and (6) plaintiff's Motion for Sanctions (ECF No. 57).

26    /////

27    /////

28    /////

                                                    1

1    1.  <u>Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status</u>

2        On April 10, 2023, defendants Gipson, Peery, Hicks, Hall, Johnson, Soto, Trenda,

3  Benavidez, Oakes, and Kiebler filed a motion to revoke plaintiff's in forma pauperis status

4  pursuant to 28 U.S.C. § 1915(g).[1]  ECF No. 37.  Plaintiff opposed the motion (ECF No. 39)[2] and

5  defendants filed a reply (ECF No. 41).  Plaintiff then filed an unauthorized surreply (ECF No.

6  43), to which defendants objected (ECF No. 44).

7        On May 18, 2023, plaintiff notified the court that the filing fee for this action has been

8  paid in full (ECF No. 45) and the court's financial records substantiate this representation.

9  Because plaintiff's filing fee for this action is paid in full, defendants' motion to revoke plaintiff's

10  in forma pauperis status is moot. Therefore, the court recommends that defendants' motion to

11  revoke plaintiff's in forma pauperis status be denied as such.

12    2.  <u>Plaintiff's Motion for Appointment of Counsel</u>

13        On May 24, 2023, plaintiff requested that the court appoint him counsel.  ECF No. 46.

14  District courts lack authority to require counsel to represent indigent prisoners in section 1983

15  cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional

16  circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See*

17  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v.*

18  *Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

19  circumstances" exist, the court must consider the likelihood of success on the merits as well as the

20  ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues

21  involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors,

22  the court finds there are no exceptional circumstances in this case.

23  /////

24  /////

25

26    [1] Defendants Castaneda, Casillas, and Garcia did not join in the motion, as the U.S.
    Marshal was unable to locate them for service of process.  *See* ECF No. 36.

27

28    [2] Plaintiff's opposition brief, styled "Motion to Dismiss Defendants' Notice to Revoke
    Plaintiff's In Forma Pauperis Status . . ." (ECF No. 39) was docketed as a motion.

1        3.  <u>Plaintiff's Motion to Amend</u>

2            On May 24, 2023, plaintiff filed a "Notice for Motion to Amend Complaint to Add New

3    Defendants, New Claims Per Fed R. Civ. P 15(a)."  ECF No. 47.  On June 1, 2023, plaintiff filed

4    a proposed second amended complaint.  ECF No. 49.   On June 14, 2023, defendants filed an

5    opposition to plaintiff's motion to amend.  ECF No. 51.

6            Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course

7    within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is

8    required, 21 days after service of a responsive pleading or 21 days after service of a motion under

9    Rule 12(b), (e), or (f), whichever is earlier."  Here, plaintiff has not yet amended "as a matter of

10   course" because plaintiff filed the First Amended Complaint (ECF No. 16) in response to the

11   court's August 31, 2022 screening order (ECF No. 13), which warned of dismissal if he failed to

12   comply and did not limit his right to amend under Rule 15.  Because defendants have not yet filed

13   a responsive pleading, *see* Fed. R. Civ. P. 7(a) (designating "pleadings"), plaintiff is free to

14   amend his complaint "once as a matter of course," without the court's leave.  *See Jones v. Bock*,

15   549 U.S. 199, 214 (2007) ("[T]he PLRA's screening requirement does not—explicitly or

16   implicitly—justify deviating from the usual procedural practice beyond the departures specified

17   by the PLRA itself."); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("Nothing in the

18   language of the PLRA repeals Rule 15(a).").  Plaintiff's motion to amend is therefore denied as

19   unnecessary.  The court will screen the second amended complaint in due course.

20       4.  <u>Plaintiff's Motion to File a Supplemental Pleading</u>

21           On June 23, 2023, plaintiff filed a motion to supplement his proposed second amended

22   complaint with over 130 pages of exhibits and a declaration docketed at ECF No. 54 at 5-9.  ECF

23   No. 53.  As an initial matter, the court notes that it is not a repository for plaintiff's evidence.

24   Plaintiff shall not file documentary evidence in support of his claims unless it is necessary for the

25   resolution of a motion or submitted at trial.  Currently, there is no pending motion requiring a

26   review of evidence.  Moreover, complaints may not be amended or supplemented in a piecemeal

27   fashion.  To add, omit, or correct information in the operative complaint, plaintiff must file an

28   amended complaint that is complete within itself without referring to a previously filed

1  complaint.  Accordingly, plaintiff's motion to file a supplemental pleading (ECF No. 53) is

2  denied.

3      5.  <u>Plaintiff's Motion for Service</u>

4          On April 3, 2023, plaintiff filed a motion for service of his First Amended Complaint on

5  defendants Castaneda, Casillas, and Garcia.  *See* ECF No. 35 (adding new information about how

6  to locate these defendants for service of process).  Thereafter, plaintiff filed a second amended

7  complaint, which has yet to be screened, thus rendering plaintiff's motion premature.  If the court

8  determines that service of the second amended complaint is appropriate for defendants Castaneda,

9  Casillas, and Garcia, the court will instruct the Marshal to use the new information provided by

10  plaintiff about how to locate these defendants for service of process.

11      6.  <u>Plaintiff's Motion for Sanctions</u>

12          On June 26, 2023, plaintiff filed a motion seeking $200 in sanctions against defense

13  counsel for filing the motion to revoke plaintiff's in forma pauperis status instead of a responsive

14  pleading.  ECF No. 57.  At the time defendants filed their motion, however, plaintiff had not yet

15  paid the filing fee.  No sanctions are warranted as defense counsel was not required to expend

16  additional time and resources responding to the allegations in plaintiff's complaint given that the

17  motion to revoke could have entirely disposed of this case

18          Plaintiff's motion for sanctions (ECF No. 57) is denied.

19      7.  <u>Order and Recommendation</u>

20          Accordingly, IT IS ORDERED that:

21      1.  The Clerk of the Court is directed to terminate ECF No. 39;

22      2.  Plaintiff's motion for appointment of counsel (ECF No. 46) is DENIED without

23          prejudice;

24      3.  Plaintiff's motion to amend (ECF No. 47) is DENIED as unnecessary;

25      4.  Plaintiff's motion for service on defendants Castaneda, Casillas, and Garcia (ECF No.

26          35) is DENIED as moot;

27      5.  Plaintiff's motion to file a supplemental pleading (ECF No. 53) is DENIED; and

28      6.  Plaintiff's motion for sanctions (ECF No. 57) is DENIED.

1   Further, IT IS RECOMMENDED that defendants' motion to revoke plaintiff's in forma

2   pauperis status (ECF No. 37) be DENIED as moot.

3   These findings and recommendations are submitted to the United States District Judge

4   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5   after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

9   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10

11  Dated: August 2, 2023.

12                                            EDMUND F. BRENNAN
                                             UNITED STATES MAGISTRATE JUDGE