UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA,<br><br>   Plaintiff,<br><br>   v.<br><br>CONNIE GIPSON, et al.,<br><br>   Defendants. | No. 2:22-cv-00737-WBS-EFB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Before the court for screening is plaintiff's second amended complaint (SAC). ECF No. 49; *see* ECF No. 66 at 3 (noting that SAC is subject to screening).

Briefly, the background to the SAC is as follows: In 2022, plaintiff's first amended complaint (FAC) was found to state potential Eighth Amendment claims against thirteen defendants at the California Department of Corrections and Rehabilitation (CDCR), regarding the alleged failure to implement a policy regarding inmates who had dropped out of a Special Needs Yard (SNY) gang and faced retaliation if their SNY housing did not change.  ECF No. 18 at 2, 4. After the FAC was served on these defendants, plaintiff filed the SAC and was permitted to amend one time as a "matter of course" under Rule 15(a)(1).  ECF No. 66 at 3.

1

Second Amended Complaint

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Papasan v. Allain*, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, charts, notes, e-mails, and the like. *See McHenry v. Renne*, 84 F.3d 1172, 1176-78 (9th Cir. 1996). This is because a complaint documentary evidence may be presented at a later point in the case. *See id.*

The SAC is an 84-page complaint that names twenty defendants and identifies the issues in Claim One as: basic necessities, property, threat to safety, access to the court, and retaliation. ECF No. 49 at 4,6. The Claim Two issues are listed as: threat to safety, access to the court, and

retaliation. *Id*. at 7; *see also id.* at 8 (Claim III includes multiple state law issues). Though the complaint form directed plaintiff to "[s]tate as briefly as possible the FACTS supporting" his claims, plaintiff did not set forth specific facts related to the claim elements, but instead made conclusory statements and referenced various cases and statutes. *Id.* at 6, 7. Nowhere in the lengthy and disorganized complaint does plaintiff set forth a "short and plain statement" of any particular claim. Moreover, the SAC includes numerous allegations unrelated to the Eighth Amendment claim found cognizable in the FAC, e.g., allegations that defendants failed to provide reasonable accommodations to disabled inmates in violation of the Americans with Disabilities Act (ADA).

Because it fails to comply with Rule 8 pleading requirements, the SAC will be dismissed with leave to amend in accordance with the requirements set forth in this order.

### Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff elects to file an amended complaint, this new pleading shall:

i. be captioned "Third Amended Complaint";
ii. be limited to 25 pages;
iii. use numbered paragraphs;
iv. set forth his various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
v. under each section, list the factual allegations supporting that particular claim; and
vi. include his statements for jurisdiction, venue, and relief sought as is necessary.

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated

claims. *See George,* 507 F.3d at 607. Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a third amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may notify the court that he intends to proceed on the first amended complaint.

## Conclusion

Accordingly, it is ORDERED that:

1. The second amended complaint (ECF No. 49) is dismissed with leave to amend within 30 days from the date of service of this order;
2. Alternatively, plaintiff may notify the court that he wishes to proceed on the first amended complaint, no later than thirty days from the date of service of this order; and
3. Failure to comply with this order may result in a recommendation that this case be dismissed.

Dated: October 30, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE