UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ARMENTA,

    Plaintiff,

v.

CONNIE GIPSON, et al.,

    Defendants.

No. 2:22-cv-00737-WBS-EFB (PC)

ORDER

    Plaintiff is a state prisoner proceeding without counsel in this 42 U.S.C. § 1983 action. He has informed the court of his intent to proceed on his first amended complaint ("FAC"), ECF No. 16. ECF No. 79. Defendants Gipson, Johnson, Soto, Trenda, Oakes, Hicks, Kibler, Hall, Peery, and Benavidez answered the FAC on October 29, 2023.[1] ECF No. 71. Plaintiff moves to strike the answer as untimely. ECF No. 73.

    Under the court's service order, defendants had 60 days from the date that they filed their Notice of E-Service Waiver to answer or otherwise respond to the complaint. ECF No. 18 at 6. The notice was filed on January 17, 2023, giving defendants until March 20, 2023 to respond. ECF No. 22.

////

---

[1] Three other defendants – Castaneda, Casillas, and Garcia – have yet to be served.

1

On March 20, 2023, defendants asked the court for an extension of time to file their response or answer. ECF No. 32. The court granted an extension until April 10, 2023, on which date defendants filed a motion to revoke plaintiff's grant of in forma pauperis status. ECF No. 27. That motion was denied by the court on August 31, 2023, after plaintiff paid the filing fee. ECF No. 68. Defendants had 14 days from that date – until September 14, 2023 – to timely file the answer. Fed. R. Civ. P. 12(a)(4)(A). Defendants offer no explanation of why the answer was not filed until six weeks later. They argue, instead, that the answer does not fall within Federal Rule of Civil Procedure 12(f), which permits courts to strike pleadings that contain insufficient defenses or any redundant, immaterial, impertinent, or scandalous matter, but does not contain any direction concerning untimely pleadings.

"[F]ederal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme . . ., is not, by itself, a sufficient reason for granting a motion to strike." *Wynes v. Kaiser Permanente Hosps.*, No. 2:10-cv-00702-MCE, 2013 U.S. Dist. LEXIS 79235, 2013 WL 2449498, at *1 (E.D. Cal. June 5, 2013) (declining to strike entirety of answer to counterclaims filed more than nine months late); *see also Barefield v. HSBC Holdings PLC*, No. 1:18-cv-00527-LJO-JLT, 2019 U.S. Dist. LEXIS 29710 (E.D. Cal. Feb. 22, 2019) (collecting cases).

Here, plaintiff has not shown that he has suffered prejudice as a result of the untimely answer. Absent any apparent prejudice and in deference to the strong policy favoring determination of claims on their merits, the court DENIES plaintiff's October 26, 2023 motion to strike defendants' answer (ECF No. 73).

So ordered.

Dated: January 22, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE