1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD ARMENTA,                        No.  2:22-cv-00737-WBS-EFB (PC)

12              Plaintiff,

13        v.                                  ORDER

14    CONNIE GIPSON, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  This case proceeds on plaintiff's first amended complaint alleging Eighth

19   Amendment claims related to his ongoing housing in special needs yards (SNYs) after he has

20   dropped out of a SNY gang.  ECF No. 18.  Plaintiff has filed two requests for a protective order.

21   ECF Nos.  127, 129.  Defendants have not responded to either request.  As discussed below, the

22   courts order that defendants respond.

23                                  Background

24        The FAC alleges that plaintiff dropped out of a SNY gang in January of 2017.  Plaintiff

25   has since been housed in SNYs at California State Prison Los Angeles County, High Desert State

26   Prison, and California Medical Facility, where he has allegedly faced retaliation and threats of

27   retaliation from gang members.  Most recently, plaintiff was moved to the Richard J. Donovan

28   Correctional Facility (RJDCF).  ECF No. 128.  He states that he was placed in administrative

1

1    segregation at RJDCF as of March 12, 2025, because he had "received threats by inmates, due to

2    this case." ECF No. 129 at 2.

3        Plaintiff states that inmates in the custody of the California Department of Corrections and

4    Rehabilitation (CDCR) have tablets which allow them to access LexisNexis and court filings. He

5    claims that inmates may search for his name "and any filings will show, as well as the details of

6    the case." ECF No. 127 at 3. He maintains that the access other inmates have to information

7    about this case has caused him "a lot of embarrassment, annoyance, and threats" especially

8    because "this case involves sensitive information." *Id*. at 2; *see also* ECF No. 18 at 2-3

9    (allegations of amended complaint). Plaintiff asks to substitute a pseudonym (i.e., "John Doe")

10   for his name, including on prior filings. ECF No. 127 at 3. He alternatively requests that this

11   case and his name "be removed from LexisNexis, and not be made available to the public." *Id*.[1]

12       Plaintiff's second request for a protective order reiterates that this case involves sensitive

13   information, and he again claims to have received threats, humiliation, and embarrassment,

14   including in his current housing assignment at RJDCF. *Id*. at 1-2. He argues that the protective

15   order he seeks will not cause hardship to the other parties, and he cites his right to be free of

16   physical violence and threats. *Id*. Plaintiff claims he attempted to confer with defendants'

17   counsel about his motion, but did not receive response. *Id*. at 3.

18                              <u>Legal Standards</u>

19       Plaintiff has captioned both his pleadings as requests for a protective order under Rule

20   26(c) of the Federal Rules of Civil Procedure. Rule 26(c) relates to the scope of discovery, but

21   plaintiff's requests do not relate to discovery matters. The court instead construes plaintiff's

22   requests as motions 1) to place documents or portions of documents filed in this case under seal,

23   and in the alternative 2) to prosecute this action using a pseudonym.

24   ////

25   ////

26       [1] Plaintiff is litigating three other cases in this court, but he has not requested sealing or

27   pseudonym use in any of those cases and it appears those cases may not present similar security
     issues. *See Armenta v. Shah*, No. 22-cv-0415-TLN-JDP (E.D. Cal.); *Armenta v. Miranda*, 23-cv-
     0022-DAD-JDP (E.D. Cal.); *Armenta v. St. Andre*, 23-cv-651-TLN-DMC (E.D. Cal.).

28

1    A.      Sealing Court Records

2            Plaintiff apparently seeks retroactive sealing of non-dispositive filings that have already

3    been entered on the public docket by both himself and defendants.[2]  Plaintiff also appears to

4    prospectively seek sealing of sensitive information which may be contained in subsequent filings,

5    including dispositive motions which have not yet been filed and which are subject to a higher

6    standard for sealing than non-dispositive motions.  *See Kamakana v. City & County of Honolulu*,

7    447 F.3d 1172, 1180 (9th Cir. 2006).

8            There are different standards for sealing records attached to non-dispositive motions

9    versus dispositive motions.  Good cause is a sufficient basis for sealing records attached to non-

10   dispositive motions, but there must be compelling reasons to seal records attached to dispositive

11   motions.  *Id.*; *see also Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010)

12   (public's interest in accessing non-dispositive motions is not as great because non-dispositive

13   motions are often only tangentially related to underlying cause of action); *Hardy v. Moreno*, 1:21-

14   cv-0327-ADA-EPG, 2023 WL 5278812, at *1 (E.D. Cal. Aug. 16, 2023) (defendants showed

15   compelling reasons to seal documents related to confidential murder investigation that plaintiff

16   submitted with plaintiff's summary judgment motion); *Coston v. Nangalama*, 2:10-cv-2009-DC-

17   EFB, 2025 WL 1369982, at *1 (E.D. Cal. May 12, 2025) (granting plaintiff's request to seal

18   documents attached to his opposition to defendants' motion for summary judgment).

19   B.      Use of Pseudonyms

20           Rules 10(a) and 17(a)(1) of the Federal Rules of Civil Procedure require plaintiffs to

21   identify themselves when bringing suit.  A pseudonym may be used "in the unusual case" where

22   it is necessary "to protect a person from harassment, injury, ridicule, or personal embarrassment."

23   *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  The need for

24   anonymity must "outweigh prejudice to the opposing party and the public's interest in knowing

25   the party's identity." *Id*.  Where the pseudonym is used to shield a party from retaliation, the

26   _____

27           [2] Under Local Rule 141, the party seeking to seal documents must submit the documents in question to the court in advance of filing, with an explanation of reasons for sealing and a proposed order, and with service to all other parties.  L.R. 141(b).  Other parties have three days to submit opposition to the request for sealing.  L.R. 141(c).  The request, opposition, and the documents in question are not filed until the court rules on the request.  L.R. 141(d).

28

1    court must evaluate 1) the severity of the threatened harm, 2) the reasonableness of the

2    anonymous party's fears, 3) the anonymous party's vulnerability to such retaliation, as well as 4)

3    whether the public's interest is best served by requiring the litigants to reveal their identities.  *Id*.

4    The public's interest in open judicial proceedings warrants application of a high standard similar

5    to the "compelling reasons" standard for sealing dispositive motions.  Also, "the balance between

6    a party's need for anonymity and the interests weighing in favor of open judicial proceedings may

7    change as the litigation progresses."  *Id*. at 1069; *see also Doe v. California*, No. 23-cv-1226-

8    JLT-SAB, 2023 WL 5806772 at *3 (E.D. Cal. Sept. 7, 2023) (prisoner suing for sexual assault by

9    prison guard allowed to use pseudonym subject to the court's reevaluation at the final pretrial

10    conference).

11         Courts may allow the use of a pseudonym in cases where a plaintiff reasonably risks

12    retaliation and serious harm.  *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981) (prison

13    inmate was allowed to use a pseudonym because he faced a serious risk of bodily harm upon

14    disclosure of his role as a government witness).  But a plaintiff must proceed using his own name

15    if the plaintiff's safety concerns are unreasonable and thus fail to outweigh the presumption of

16    openness in judicial proceedings.  *Fernandez v. Nevada*, 361 F. App'x 859, 859-60 (9th Cir.

17    2010) (district court correctly denied inmate the use of a pseudonym where there were no special

18    or unusual circumstances justifying that his identity be protected); *Doe v. Kamehameha*

19    *Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1044-46 (9th Cir. 2010) (anonymous

20    threats made on the internet did not create a reasonable fear of severe harm sufficient to outweigh

21    the possible prejudice to defendants and the presumption of openness in judicial proceedings).

22    Courts have also allowed plaintiffs to use a pseudonym where the case involves matters that are

23    highly sensitive or personal, such as allegations of sexual assault or rape.  *Advanced Textile*, 214

24    F.3d at 1068; *Doe v. California*, 2023 WL 5806772 at *3; *Doe v. Rose*, No. CV-15-07503, 2016

25    WL 9137645, at *1 (C.D. Cal. June 17, 2016) (collecting cases on pseudonym use involving

26    sexual assault allegations).

27    ////

28    ////

4

1      The standard for allowing a pseudonym explicitly requires a weighing of interests and

2  courts generally seek the views of other parties before making a final determination on

3  pseudonym use.  *See Doe v. County of San Joaquin*, No. 2:24-cv-00899-CKD, 2024 WL

4  1344677, at *2 (E.D. Cal. Mar. 29, 2024) (allowing plaintiff to proceed with pseudonym subject

5  to defendants' appearance in the case); *see also Doe v. Johnson*, 2:24-cv-1542-DJC-AC, slip op.,

6  ECF No. 23 (E.D. Cal. Sept. 23, 2024) (entering stipulated order allowing pseudonym use).

7  Defendants' response assists the court in weighing whether plaintiff's fears are reasonable and

8  whether his arguments outweigh the possible prejudice to defendants and the presumption of

9  openness in judicial proceedings.

10      Here, assessment of whether plaintiff's safety concerns are unreasonable and thus fail to

11  outweigh the presumption of openness in judicial proceedings, *Fernandez v. Nevada*, 361 F.

12  App'x, 859-60, requires consideration of information uniquely available to CDCR.  Further, it is

13  unclear whether allowing plaintiff to use a pseudonym, at this juncture in this case, would

14  effectively shield plaintiff's identity because previous orders and pleadings have been filed

15  without the pseudonym.  Plaintiff asks that his name "be removed from any prior filings from the

16  date of this request, and replaced with 'John Doe,'" ECF No. 127 at 3, but it is unclear how this

17  may be implemented if earlier filings have already found their way into other databases,

18  presumably including the LexisNexis databases that CDCR inmates may allegedly access on their

19  tablets.  Plaintiff's motion implies that CDCR inmates may access pleadings as well as court

20  orders on their tablets.  *Id*.  It is thus unclear whether switching to a pseudonym at this time would

21  address plaintiff's concern of shielding his identity from other inmates who use their tablets to

22  access LexisNexis and the filings that may be available there.

23                          The Court Will Order Defendants[3] To Respond

24      Plaintiff appears to present a novel basis for the relief he is requesting.  Inmate access to

25  court records on their tablets appears to be a recent development that presents a new context for

26

27      [3]  Defendant Connie Gipson has retired from the position of director of CDCR.  See
https://www.cdcr.ca.gov/insidecdcr/2023/06/29/director-connie-gipson-retiring-after-35-years/.
Her successor in that office is automatically substituted as a party.  Fed. R. Civ. P. 25(d).

28

1  the relief plaintiff seeks.  This is not a type of relief which the court may simply grant for lack of

2  opposition, both because 1) the court must take into account the public's significant interest in

3  open judicial proceedings as decreed in *Kamehameha* and *Advanced Textile* and 2) the court's

4  decision must be based on accurate information about the scope and effects of the alleged access

5  to plaintiff's case filings within the unique setting of a prison.  *See Heinemann v. Satterberg*, 731

6  F.3d 914, 917 (9th Cir. 2013) (summary judgment may not be entered by default based on a local

7  court rule that "deemed admitted" an unopposed motion; the local rule conflicted with the

8  Advisory Committee Notes for Rule 56 stating that "[c]onsidering some facts undisputed does not

9  of itself allow summary judgment").

10      Although Local Rule 230 does not require defendants to file an opposition to plaintiff's

11  requests, in this instance the court must have defendants' (or CDCR's) position on the

12  considerations outlined to render an informed decision.  The court thus orders defendants to

13  respond to the merits of plaintiff's motions, including their position on the considerations

14  described in this order.  If the court is unable to sufficiently assess these considerations based on

15  the parties' submission, the court will set a hearing according to Local Rule 230(g).

16                    Deferred Filing Of Defendants' Summary Judgment Motion

17      Defendants' deadline for filing their summary judgment motion is July 14, 2025 (*see* ECF

18  No. 120), but plaintiff has stated a plausible basis to anticipate that defendants' imminent

19  summary judgment motion may contain the kind of sensitive information that plaintiff seeks to

20  shield.  *See Thao v. Lynch*, 2:21-cv-0731 KJM AC, 2023 WL 2354823, at *2 (E.D. Cal. Mar. 3,

21  2023) (sealing selected documents); *Miller v. Soto*, 1:20-cv-1117-AWI-SAB, 2022 WL 2974736,

22  at *2 (E.D. Cal. July 27, 2022) (finding compelling reason to seal documents attached to a

23  summary judgment motion which included "information that may endanger the safety of Plaintiff

24  and other inmates," and creates risk of "assault or injury on inmates").  The therefore vacates the

25  deadline for defendants to file their motion for summary judgment and will re-set the deadline

26  after the court has ruled on plaintiff's motions.

27  ////

28  ////

**ORDER**

Accordingly, IT IS ORDERED that:

1.  Defendants shall respond to plaintiff's motions to seal filings in this case and/or to proceed using a pseudonym, ECF No. 127 and ECF No. 129, no later than **July 31, 2025**.  At their discretion, defendants may submit their response according to the procedure set forth in Local Rule 141(b).  Defendants' response must include their position on the considerations described herein.

2.  Plaintiff shall have until **August 14, 2025** to reply to defendants' response.  At his discretion, plaintiff may follow the procedure set forth in Local Rule 141(c) for mailing his reply to the Clerk in an envelope marked "Opposition to Request to Seal Documents," except that plaintiff may use regular mail instead of an overnight courier.

3.  The July 14, 2025 deadline for defendants to file their summary judgment motion (ECF No. 131) is VACATED until further order of court.

4.  Defendants shall not file their summary judgment motion until the court has issued its order deciding plaintiff's motions (ECF Nos. 127 and 129) and determined whether and how that decision will affect the public or redacted status of future filings in this case.

Dated: July 10, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE