UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA, | No. 2:22-cv-00737-WBS-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| CONNIE GIPSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This case proceeds on plaintiff's first amended complaint alleging Eighth Amendment claims related to his ongoing housing in special needs yards (SNYs) after he has dropped out of an SNY gang. ECF No. 18. Plaintiff has filed two requests for a protective order, in which he asks to seal this case or to be allowed to proceed using a pseudonym. ECF Nos. 127, 129. The background of this case and plaintiff's reasons for his requests have been set forth in the court's order directing defendants to respond. ECF No. 134. Defendants have responded, and plaintiff has replied. ECF Nos. 135, 136.

Defendants oppose plaintiff's requests. They maintain that plaintiff's file does not support his claims that he has experienced any real threat because of the access that other inmates have to publicly available filings in this case. ECF No. 135, at 3-4. Defendants submit the declaration of Correctional Sergeant B. Louie of the Investigative Services Unit. ECF No. 135-1. Louie

1

declares that there is no documentation in plaintiff's file supporting his claim that he was placed in administrative segregation on March 12, 2025 because of threats stemming from filings in this lawsuit, or that plaintiff himself raised any concern about threats to himself. *Id*. at 2 ¶¶ 2. 3. According to Louie, the reasons plaintiff was placed in administrative segregation can be generally described as threats that plaintiff made to other inmates, but the specific circumstances surrounding these threats are confidential. *Id*. at ¶ 3. Louie suggests that "[d]ocumentation regarding the confidential information can be provided under seal or *in camera* if the Court would like additional details." *Id*.

Plaintiff directly disputes the information in Louie's declaration. ECF No. 136. He continues to maintain he was placed in administrative segregation on March 12, 2025 because he had "received threats on his life due to this case." *Id*. at 2. According to plaintiff's reply:

> Plaintiff was interviewed by Sergeant Mercado on C-Yard, and explained to Sergeant Mercado the circumstances of this lawsuit, and how inmates have access to this information on the state issued "Tablets". Plaintiff expressed to Sergeant Mercado plaintiff would be forced to defend himself. A confidential 1030 was issued, stating this. Plaintiff does not have access to this confidential 1030.[1] It is well known by the person who wrote the declaration for defendants, if the sensitive information in this case, becomes available to other inmates, plaintiff will be a target to the whole population in CDCR, and suffer embarrassment, as well. Plaintiff should not have to live in fear every single day, and suffer ridicule, due to this case being public.

*Id*. Plaintiff attaches the notice of his placement in restrictive housing, which states that "[o]n Wednesday, March 12, 2025, information received from Confidential Source #1 indicated that your presence at Facility C of the Richard J. Donovan Correctional Facility poses an immediate safety threat to you. Sergeant B. Mercado will conduct a comprehensive investigation into these allegations." *Id*. at 5.

---

[1] It is unclear why plaintiff claims he does not have access to the Form 1030:

> Prison regulations require that incarcerated persons be provided with a Form 1030, Confidential Information Disclosure Form, when confidential information is used to support placement in segregated housing. The Form 1030 requires prison officials to identify why the confidential information was considered reliable, and what the confidential information indicated.

*Hernandez v. I.S.U.*, No. 21-cv-04368-HSG, 2025 WL 964688, at *2 (N.D. Cal. Mar. 31, 2025) (citation and footnote omitted).

2

1    The parties' submissions thus present an unresolved and material factual dispute as to
2 whether prison officials have themselves determined that plaintiff has been placed at a credible
3 risk of retaliation and serious harm from other inmates, and if so, whether it was done because of
4 inmate access to pleadings filed on the public docket of this case.  Plaintiff is arguing that prison
5 officials placed him in administrative segregation due to concerns for his safety and the
6 placement notice seems to confirm this.  Yet, defendants maintain that the threat was posed by
7 plaintiff toward other inmates.
8    The court accepts Louie's suggestion of an *in camera* review of the confidential
9 information regarding "the specific basis" for plaintiff's placement in administrative segregation.[2]
10 Defendants shall provide plaintiff with a copy to whatever extent prison regulations permit him to
11 have it, and defendants shall confirm that they have done so.  *See Hernandez*, No. 21-cv-04368-
12 HSG, 2025 WL 964688, at *2 (inmates are to be given a Form 1030 when they are placed in
13 segregated housing on the basis of confidential information).  Pending its *in camera* review of the
14 information about plaintiff's placement in administrative segregation, the court does not reach
15 defendants' substantive arguments and defers its ruling on plaintiff's requests to seal this case or
16 to proceed under a pseudonym.  *See Fernandez v. Nevada*, 361 F. App'x 859, 859-60 (9th Cir.
17 2010) (a plaintiff may not use a pseudonym if concerns for his safety are unreasonable).

**ORDER**

Accordingly, IT IS ORDERED that:

1.  Defendants shall provide the confidential information referenced in Louie's declaration, ECF No. 135-1, for *in camera* review no later than September 19, 2025.

/////

/////

/////

---

[2] Parties who request *in camera* review have a burden to show specific safety and security concerns.  *Giraldes v. Oania*, No. 2:14-cv-726-JAM-EFB P, 2017 WL 999456, at *4 (E.D. Cal. Mar. 15, 2017).  Safety and security concerns are sufficiently shown in this case by (1) the nature of plaintiff's requests under consideration; and (2) Louie's declaration claiming confidential information that apparently concerns safety and security – whether that of plaintiff or of other inmates.

3

1    2. Defendants shall simultaneously provide plaintiff with copies of the documents submitted for *in camera* inspection to the extent that prison regulations permit him to have such copies. Defendants shall state to the court which of the documents have been provided to plaintiff, including identifying redacted material, if any.

Dated: September 5, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE