UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA,<br><br>    Plaintiff,<br><br>    v.<br><br>CONNIE GIPSON, et al.,<br><br>    Defendants. | No. 2:22-cv-00737-WBS-EFB (PC)<br><br>ORDER |

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This case proceeds on plaintiff's first amended complaint alleging Eighth Amendment claims related to his ongoing housing in special needs yards (SNYs) after he has dropped out of a SNY gang. ECF No. 18. Plaintiff has filed two requests for a protective order, in which he asks to seal this case or to be allowed to proceed using a pseudonym. ECF Nos. 127, 129. The background of this case and plaintiff's reasons for his requests have been set forth in the court's order directing defendants to respond. ECF No. 134. Defendants responded, and plaintiff replied. ECF Nos. 135, 136.

     Defendants' response referenced confidential information which they suggested they could provide to the court under seal for *in camera* review. ECF No. 135-1 at 2 ¶ 3. The court ordered defendants to do so. ECF No. 137. Defendants have filed a sealed exhibit reporting the reasons plaintiff was placed in administrative segregation. ECF No. 138, Exh. B (Sealed) [the "Ad Seg Report"]. Defendants also submit the declaration of E. Taboada, the litigation coordinator at plaintiff's prison. Taboada declares that information in the Ad Seg Report is

1

confidential and is "not disclosed even to the inmate who is involved in the particular incident" because it:

> … would seriously compromise CDCR's ability to conduct accurate and reliable investigations, endanger crime victims, and endanger other inmates and staff because such information could form the basis of inmate-on-inmate retribution, intimidation, and violence, or to manipulate prison staff, thus jeopardizing institutional safety and security. It would also violate third-party inmates' right to privacy. Such complaints could provide a basis to intimidate other inmates, or if such complaints reported on misbehavior by other inmates, could prove dangerous for the reporting inmate, prison staff, and the institution itself.

ECF No. 139-3 at 2 ¶ 3. Taboada further declares that the Ad Seg Report also contains information from a confidential source and that redactions will not resolve risks to the confidential source because "[s]eemingly trivial information may be disclosed to inmates in casual conversations that could later enable inmates to identify targets, manipulate staff, extort others, or thwart prison security procedures." *Id*. at ¶ 4.

The court has reviewed the Ad Seg Report and has determined that it conclusively refutes plaintiff's insistence that he was placed in administrative segregation because of threats from other inmates who had used their tablets to access pleadings filed in this case. Accordingly, the court will deny plaintiff's requests for a protective order or to be allowed to proceed using a pseudonym. The court will re-set the deadline for defendants to file their summary judgment motion. See ECF No. 134 at 6, 7.

**ORDER**

Accordingly, IT IS ORDERED that:

1. Plaintiff's requests for a protective order to seal this case or to be allowed to proceed using a pseudonym, ECF Nos. 127, 129, are DENIED.

2. Defendants shall file their summary judgment motion on or before October 27, 2025.

Dated: October 7, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE